# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARIELA VALDERRAMA,** | * | |
| Plaintiff | * | |
| v. | * | Case No.: RWT 09cv2114 |
| **HONEYWELL TSI AEROSPACE SERVICES,** *et al.,* | * | |
| Defendants. | * | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Mariela Valderrama brought this civil action in 2009 alleging that her former employer, Honeywell Technology Solutions, Inc. ("Honeywell"), unlawfully deprived her of certain retirement benefits to which she was entitled. ECF No. 2. Since the Court granted summary judgment in favor of Defendants on July 13, 2010, Plaintiff has filed two motions and a letter seeking reconsideration of that judgment. *See* ECF Nos. 48, 50, 56.

On July 21, 2010, Plaintiff moved the Court to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b) on the grounds that she had newly discovered evidence regarding her former employer's method for determining eligibility for retirement benefits. *See* Notice and Plaintiff's Motion for Relief from Judgment Orders, ECF No. 48. Plaintiff alleged that this newly discovered evidence demonstrated she had sufficient service credit with Honeywell to qualify for early retirement benefits. *Id.* Plaintiff did not articulate in her motion any reason why she could not have discovered the evidence earlier through the exercise of due diligence. *See Boryan v. United States*, 884 F. 2d 767, 771 (4th Cir. 1989) ("[I]n order to support a motion for reconsideration based on newly discovered evidence the movant is obliged to show not only

that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.") (internal quotations omitted).

On August 3, 2010, Plaintiff filed a "Motion for Perjury Hearing" in which she requested the Court hold a hearing to consider the "newly discovered evidence," which she alleged showed that Defendants had misrepresented to this Court Honeywell's method for calculating retirement benefits. ECF No. 50. Honeywell opposed both Plaintiff's motion for relief from judgment and her motion for a perjury hearing. ECF Nos. 51 & 53. By letter dated August 20, 2010, Plaintiff for the third time urged the court to review the newly discovered evidence she had attached to her Rule 60(b) motion and grant her relief from judgment. ECF No. 56. The Court denied Plaintiff's motions for relief from judgment and for a perjury hearing on September 14, 2010. ECF No. 59.

Undeterred, Plaintiff filed a "Motion to Renew Motion for Relief to Vacate Judgment Orders" on September 24, 2010. ECF No. 61. Plaintiff's motion is difficult to interpret, but clearly does not provide any explanation for why the purported "newly discovered evidence" could not have been discovered earlier through the exercise of due diligence, as is required in order for the Court to grant Plaintiff relief pursuant to Rule 60. *See Boryan v. United States*, 884 F. 2d 767, 769-71 (4th Cir. 1989). Rather, Plaintiff's "Motion to Renew" appears to be Plaintiff's attempt to reassert her arguments on the merits, which the Court rejected at the summary judgment stage, and her claim that newly discovered evidence entitles her to relief from judgment. ECF No. 61.

On September 24, 2010, Defendants informed the Court that they intended to file a motion for sanctions against Plaintiff based on her filing of duplicative and frivolous motions.

ECF No. 62. Defendants sought an extension of the deadline for filing their response to Plaintiff's "Motion to Renew" so that they could provide Plaintiff with 21 days within which to withdraw her motion before they filed a motion for sanctions, as is required by Federal Rule of Civil Procedure 11(c)(2). *Id.* The Court granted this request. ECF No. 63.

On October 1, 2010, Defendants served Plaintiff with a Rule 11 motion for sanctions by Priority Mail, delivery receipt requested, and via regular mail. ECF No. 64-1 at 3. Defendants informed Plaintiff that if she refused to withdraw her "Motion to Renew Motion for Relief to Vacate Judgment Orders" within 21 days, they would file their motion for sanctions with the Court. ECF No. 64-2 at 3. Plaintiff did not withdraw her motion and Defendants filed their motion for sanctions on October 25, 2010. ECF No. 64.[1] Plaintiff opposed Defendants' motion for sanctions on the grounds that she did not file her motion in bad faith or for purposes of delay, and that her motion is not reflective of abusive or dilatory tactics. ECF No. 66. Defendants ask this Court to issue an order barring Plaintiff from filing anything further in this action without first obtaining leave of the Court, other than a notice of appeal to the United States Court of Appeals for the Fourth Circuit. ECF No. 64-1 at 9.

> Federal Rule of Civil Procedure 11(b) provides in pertinent part:
>
> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;

---

[1] As is apparent from this timeline, Defendants complied with the 21 day safe harbor provision of F. R. Civ. P. 11(c)(2).

      (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

      (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery
     . . .

If, after a party has been given notice of the violation and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose a sanction on the party who violated the Rule. F. R. Civ. P. 11(c)(2). The sanction must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include nonmonetary directives." F. R. Civ. P. 11(c)(4). The Fourth Circuit has also indicated that sanctioning a party by imposing a pre-filing injunction is a "drastic remedy [that] must be used sparingly." *Cromer v. Kraft Foods North Am., Inc.*, 390 F. 3d 812, 817 (4th Cir. 2004).

After the Court denied Plaintiff's Rule 60(b) motion for reconsideration and for a perjury hearing based on Plaintiff's claim that she had "newly discovered evidence" that undermined the Court's entry of summary judgment in favor of Defendants, Plaintiff filed another motion seeking to set aside the judgment, even though none of the facts supporting her first, denied motion for reconsideration had changed. *See* ECF Nos. 48, 50, 61. Though Plaintiff's motions were styled variously as a "Notice and Plaintiff's Motion for Relief from Judgment Orders," a "Motion for Perjury Hearing," and a "Motion to Renew Motion for Relief to Vacate Judgment Orders," Plaintiff sought the same relief in each of these motions; specifically, she sought the Court's review of "newly discovered evidence" she claimed would lead the Court to grant her relief from its entry of summary judgment in Defendants' favor.

A reasonable inquiry by Plaintiff would have revealed that a motion for reconsideration based on "newly discovered evidence" may only be granted if the evidence that was "newly discovered" could not, through the exercise of due diligence, have been discovered prior to the Court's entry of judgment. *See Boryan v. United States*, 884 F. 2d 767, 769-71 (4th Cir. 1989). Plaintiff did not allege—in either her first or her second motion seeking relief from judgment— that she could not, through the exercise of due diligence, have discovered the "newly discovered evidence" before the Court's entry of judgment. *See* ECF Nos. 48, 61. Therefore, both of Plaintiff's motions for reconsideration contained legal contentions unwarranted under existing law. F. R. Civ. P. 11(b)(2).

Further, a reasonable person would recognize that submitting a second, duplicative motion alleging largely the same facts and seeking the same relief requested in motions previously denied by the Court is the type of conduct that "needlessly increase[s] the costs of litigation." F. R. Civ. P. 11(b)(1). Defendants have now expended time and resources responding to two post-judgment motions filed by Plaintiff based on the same factual allegations—that she recently discovered evidence that undermines the Court's July 13, 2010 judgment and proves that Defendants owe her retirement benefits. After Plaintiff filed a third motion seeking essentially the same relief requested in her prior motions, Defendants concluded, as does this Court, that the only way to stem the tide of repetitive filings from Plaintiff is by imposing sanctions.

As a sister court has noted, "[*p*]*ro se* litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions." *Johnston v. United States of America*, 2005 WL 2989632, at *2 (W. D. N. C. Nov. 7, 2005) (citing *In Re Vincent*, 105 F. 3d 943 (4th Cir. 1997)). Pursuant to the All Writs Act, 28

U.S.C. §1651(a), this Court has "the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods North Am., Inc.*, 390 F. 3d 812, 817 (4th Cir. 2004). However, any sanction imposed by the Court must be no greater than necessary to deter a party's abusive conduct. F. R. Civ. P. 11(c)(4). "In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether [s]he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Cromer*, 390 F. 3d at 818.

Defendants point out that this is not Plaintiff's first foray into federal court—she has filed one previous lawsuit against Defendants and this is her third lawsuit that has been dismissed on motion. *See Valderrama v. Honeywell Technology Solutions, Inc.*, 473 F. Supp. 2d 658, 664-65 (D. Md. 2007) (dismissing case as "factually unsupported"), *aff'd*, 267 F. App'x 256 (4th Cir. 2008), *cert. denied* 129 S. Ct. 459 (2008); *Valderrama v. U.S. Dept. of Defense*, No. 09-1083 (D. Md. May 7, 2009), *reh'g denied*, No. 09-1083 (May 20, 2009). In her previous cases, Plaintiff filed numerous duplicative motions, thereby increasing the expense and duration of litigation. *See* ECF No. 64-1, n. 2.

Plaintiff submits that she filed the motions relating to "newly discovered evidence" in good faith, and appears to genuinely believe that she had a good faith basis for doing so. *See* ECF No. 66. However, Plaintiff's belief was unreasonable because her motions were unsupported under existing law, as discussed, *supra*. Even if she had done no research

whatsoever, Plaintiff could have logically concluded that filing a motion largely duplicative of one which had recently been denied is improper.

Defendants in this case have now been burdened by two lawsuits brought by Plaintiff and numerous, duplicative motions within those lawsuits. *See* ECF No. 64-1, n. 2. The Court, too, is burdened by assessing the merits of and ruling on each motion Plaintiff files. However, because the Court concludes that a warning to cease filing duplicative, post-judgment motions in this action will suffice to deter Plaintiff's filing of such motions, the Court will not impose a pre-filing injunction ***at this time***.

The Court finds it both necessary and appropriate to impose a lesser, nonmonetary sanction on Plaintiff. *See* F. R. Civ. P. 11(c)(4)(sanction may include "nonmonetary directives"). The Court therefore imposes a sanction on Plaintiff in the form of a warning that filing additional post-judgment motions in this action will likely result in the imposition of monetary sanctions. *See Jarvis v. Enterprise Fleet Svcs. and Leasing Co.*, 2010 WL 1068146 (D. Md. March 17, 2010) (issuing stern warning to Plaintiff that continuing his current pattern of filing frivolous lawsuits and vexatious filings within those suits may result in imposition of pre-filing injunction), *South Broward Hosp. Dist. v. MedQuist Inc.*, 316 F. Supp. 2d 370, 403 (D. N.J. 2007) (warning was sufficient Rule 11 sanction to deter repetition of Plaintiffs' counsel's failure to conduct pre-filing due diligence). Plaintiff is admonished that filing ***any additional motions*** in this case, other than a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit, will likely result in the imposition of additional sanctions. The Court is confident that this warning will deter Plaintiff and other litigants similarly situated from filing duplicative motions after judgment has been entered in favor of the opposing party.

Further, because Plaintiff's "Motion to Renew Motion for Relief to Vacate Judgment Orders" seeks identical relief as that sought in her motion for relief from judgment and the Court has already denied that motion, Defendants shall be relieved from filing any response to Plaintiff's most recent motion. That motion will be denied and sanctions in the form of a warning will be imposed by separate order.

December 8, 2010                                        /s/
Date                                         Roger W. Titus
                                             United States District Judge